UNITED STATES, Appellee

v.

OWEN D. GOHAGEN, Private E–2, U. S. Army, Appellant

2 USCMA 175, 7 CMR 51

No: 858

Decided February 6, 1953

LT. COL. George M. Thorpe, USA, and 1ST LT. Michael E. McGarvey, USA, for Appellant.

LT. COL. Thayer Chapman, USA, and 1ST LT. Eugene L. Grimm, USA, for Appellee.

PAUL W. BROSMAN, Judge:

Accused stands convicted of possession of equipment for the administration of narcotics, contrary to the provisions of a general order, in violation of the Uniform Code of Military ·Justice, Article 92, 50 USC § 686. His conviction has been approved by the convening authority and affirmed by a board of review. This Court granted his petition for review to consider the following issue:

"Whether the failure of the prosecution to allege in the specification and establish by its proof that the accused possessed the alleged instruments [narcotics equipment] without proper authority and for purposes other than those enumerated in the circular prejudiced his substantial rights."

The portion of the circular appellant is charged with having violated, Circular Number 38, General Headquarters, Far East Command, APO 500, dated August 27, 1951, paragraph 2, provided that:

"No person subject to military law under Article 2 of the Uniform Code of Military Justice shall, except for household use or the treatment of disease, have on his person or in his possession or custody, at any time or place, without proper authority, any instrument or device that may be used to administer or dispense habit forming narcotic drugs or nervous system stimulants referred to in paragraph 1, such as, but not limited to, syringes and hypodermic needles, or ampoules designed for such drugs."

## II

The specification upon which accused was tried and convicted alleged that he violated the terms of the quoted paragraph "by wrongfully having in his possession, one (1) hypodermic syringe and one (1) needle." .Was it necessary that the specification *aver* that accused had not possessed those instruments "for household use or the treatment

**176**

of disease"? We think not—for the reason that the exceptions stated in the Circular were no part of the conduct proscribed therein, but were rather designed to exempt from its ban those persons who might bring themselves within the provisions of the exceptions. McKelvey v. United States, 260 US 353, 67 L ed 301, 43 S Ct 132; 7 Fifths Old Grand-Dad Whiskey v. United States, 158 F2d 34, 36 (CA 10th Cir); United States v. Winnicki, 151 F2d 56, 57, 58 (CA 7th Cir); Williams v. United States, 138 F2d 81 (CA DC Cir); United States v. Kelly, 63 F Supp 977, 978 (DC ND Ind). Furthermore, accused was squarely put on notice that his possession was not deemed to fall within the language of the exceptions, because the specification alleged that he possessed the instruments proscribed "wrongfully."

## III

The remaining question has to do with whether it was incumbent on the prosecution to *establish by proof* that accused was not to be found within the exceptions stated in the circular. Again we are compelled to respond in the negative. The following language of Mr. Justice Cardozo in Morrison v. California, 291 US 82, 88–91, 78 L ed 664, 669–670, 54 S Ct 281, is particularly appropriate:

". . . The decisions are manifold that within limits of reason and fairness the burden of proof may be lifted from the state in criminal prosecutions and cast on a defendant. The limits are in substance these, that the state shall have proved enough to make it just for the defendant to be required to repel what has been proved with excuse or explanation, or at least that upon a balancing of convenience or of the opportunities for knowledge the shifting of the burden will be found to be an aid to the accuser without subjecting the accused to hardship or oppression. . . .

". . . For a transfer of the bur-

den, experience must teach that the evidence held to be inculpatory has at least a sinister significance . . . or if this at times be lacking, there must be in any event a manifest disparity in convenience of proof and opportunity for knowledge, as, for instance, where a general prohibition is applicable to every one who is unable to bring himself within the range of an exception. . . . The list is not exhaustive. Other instances may have arisen or may develop in the future where the balance of convenience can be redressed without oppression to the defendant through the same procedural expedient. The decisive considerations are too variable, too much distinctions of degree, too dependent in last analysis upon a common sense estimate of fairness or of facilities of proof, to be crowded into a formula. One can do no more than adumbrate them; sharper definition must await the specific case as it arises."

Applying the import of this language to the instant case, we regard it as dispositive. Having established possession by accused of a hypodermic syringe and needle, the prosecution had established a prima facie case. See Manual for Courts-Martial, United States, 1951, paragraph 213a; 21 USC § 188m. The possession thus shown was in its very essence, of sinister significance—and it was surely within the power of accused to prove with ease that his possession fell within an exception to the circular, if such was the case. He made no attempt whatever to do so. It is in no sense unfair or unjust to hold him accountable in the absence of his failure to explain. Williams v. United States, supra.

Accordingly the decision of the board of review is affirmed.

Chief Judge QUINN and Judge LATIMER concur.