UNITED STATES, Appellee

v.

MILTON BERRY, Private–2, U. S. Army, Appellant

2 USCMA 374, 9 CMR 4

Lt Col George M. Thorpe, U. S. Army, and 1st Lt Michael E. McGarvey, U. S. Army, for Appellant.

Lt Col Thayer Chapman, U. S. Army, and 1st Lt Richard L. Brown, U. S. Army, for Appellee.

## Opinion of the Court

Per Curiam:

The accused was convicted by general court-martial in Korea of two charges of absence without leave,[1] and one charge of possessing a hypodermic needle in violation of a lawful general order.[2] The findings and sentence have been affirmed by intermediate reviewing authorities. This Court granted accused's petition for review, limited, however, to the following issue:

"Whether the prosecution was required to allege and prove that possession of the alleged hypodermic needle was without proper authority and for purposes other than enumerated by the General Order."

Accused contends that it was incumbent upon the prosecution to allege and prove that his possession was not within the exceptions specified in the applicable general order. Identical contentions were resolved against the accused in United States v. Gohagen (No. 858), 7 CMR 51, decided February 6, 1953. As we decided in that case, the exceptions in the general order are not parts of the conduct proscribed therein at all. It is incumbent on the accused to bring himself within the exceptions if he is able to do so.

Further discussion is unnecessary in light of our opinion in the Gohagen case. Accordingly, the decision of the board of review is affirmed.

---

[1] In violation of Uniform Code of Military Justice, Article 86, 50 USC § 680.

[2] In violation of Uniform Code, supra, Article 92, 50 USC § 686. The order violated was Circular Number 38, General Headquarters, Far East Command, APO 500, dated August 27, 1951, paragraph 2.