UNITED STATES, Appellee

v.

LOUIS WELBORNE, Private, U. S. Army, Appellant

2 USCMA 378, 9 CMR 8

No. 1341

Decided April 14, 1953

Lt Col James C. Hamilton, U. S. Army, and 1st Lt Thomas E. Cole, U. S. Army, for Appellant.

1st Lt Eugene L. Grimm, U. S. Army, for Appellee.

## Opinion of the Court

Per Curiam:

Petitioner was convicted by general court-martial of wrongful possession of a narcotic drug,[1] and of possession of a hypodermic syringe in violation of a lawful general order.[2] The findings and sentence were affirmed by intermediate reviewing authorities, whereupon this Court granted accused's petition for further review.

We need only note the assignment of error with respect to the charge of violation of the general order by possession of a hypodermic syringe. The accused contends that the prosecution must allege and prove that his possession was without proper authority and for other than the lawful purposes or "exceptions" enumerated in the general order. Identical contentions were resolved against the accused in United States v. Gohagen (No. 858), 7 CMR 51, decided February 6, 1953. As we decided in that case, the exceptions in the general order are not parts of the conduct proscribed therein at all. It is incumbent on the accused to bring himself within the exceptions if he is able to do so.

Further discussion is unnecessary in light of our opinion in the Gohagen case. Accordingly, the decision of the board of review is affirmed.

---

[1] In violation of Article 134, Uniform Code of Military Justice, 50 USC § 728.

[2] In violation of Article 92, Uniform Code, supra, 50 USC § 686. The order violated was Circular Number 38, General Headquarters, Far East Command, APO 500, dated August 27, 1951, paragraph 2.