Petek A. Quinn, J.
This is a petition pursuant to article 78 of the Civil Practice Act to compel the Board of Estimate of the City of New York to retire petitioner for ordinary disability. Petitioner’s application for retirement has been made pursuant to section B3-39.0 of the Administrative Code of the City of New York which under certain conditions permits a member of the New York City Employee’s Retirement System to seek retirement for ordinary disability “ provided that such member has had ten or more years of city-service and was a member or otherwise in city-service in each of the ten years next preceding his retirement.” Petitioner was in city service for more than 10 years prior to his application for retirement, but his application was disapproved on the ground that, having joined the retirement system sometime in 1958, he was not a member of the system for a period of 10 years next preceding his retirement. Petitioner contends on this application that the phrase in the statute “ or otherwise in city-service ” makes the 10-year membership requirement inapplicable to him. The issue involved herein then is one of statutory construction. It is a fundamental principle in the construction of statutes that the whole and every part must be considered in the determination of the meaning of any of its parts (McCaffrey, Statutory Construction, § 8). In examining the statutory scheme of the act creating the New York City Employees Retirement System (see L. 1920, ch. 427) it is obvious that it is based on an actuarial system. It would, however, he actuarially unsound if the statute were construed as petitioner contends giving the word “or” in the phrase ‘1 or otherwise in city-service ’ ’ a disjunctive rather than a conjunctive meaning. Where conversion of the word “or” to “ and ” is necessary to effectuate legislative meaning and intent, resort to such a rule of statutory construction is permissible. If the word “ or ” as used in the instant statute had a disjunctive meaning, then it would not be necessary for a city employee to be a member of the system in order to apply for ordinary disability retirement. This would be contrary to legislative intent and other provisions of the Retirement Act. The petition is accordingly dismissed.