**750**

UNITED STATES, Appellee,

v.

Private (E–1) Ira J. WOODS, Jr., SSN
457–06–2732, United States
Army, Appellant.

CM 437079.

U. S. Army Court of Military Review.

23 April 1979.

Colonel Edward S. Adamkewicz, Jr.,
JAGC, Major Benjamin A. Sims, JAGC,
Captain Grifton E. Carden, JAGC, and Cap-
tain Paul T. Allen, Jr., JAGC, were on the
pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Major
Robert B. Williams, JAGC, and Captain
Dennis S. Cameron, JAGC, were on the
pleadings for appellee.

Before JONES, DeFORD and LEWIS,
Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Judge:

The appellant at a bench trial was con-
victed, contrary to his pleas, of possession of
a hypodermic syringe and needle in viola-
tion of Article 92, Uniform Code of Military
Justice (UCMJ), 10 U.S.C. § 892. His ap-
proved sentence included a bad-conduct dis-
charge, confinement at hard labor for seven
(7) months, and forfeiture of $250.00 per
month for ten (10) months.

The appellant's conviction was based
upon a violation of paragraph 33, United
States Army Europe Regulation 632–10,
dated 1 April 1977 which reads as follows:

33. Drug Paraphernalia. *Except in the
course of official duty or pursuant to
valid prescription,* personnel will not pos-
sess a hypodermic needle, hypodermic sy-
ringe, or any other device constructed in
such a manner as to permit its use as a
means of injecting a liquid substance into
or through the tissues of the body. (Em-
phasis supplied).

Evidence adduced at trial by the prosecu-
tion did not address whether the appellant
possessed the subject items in the "course
of official duty" or "pursuant to a valid
prescription." Both exceptions under the
subject regulation authorized lawful posses-
sion of either or both a hypodermic syringe
or a hypodermic needle.

■ Appellate defense counsel argue
that the prosecution failed to present a
prima facie case in that they failed to fore-
close the application of either exception

noted under the regulation and consequently failed to establish proof beyond a reasonable doubt of every fact necessary to constitute the crime with which an accused is charged and convicted. They cite the decisions of *United States v. Verdi,* 5 M.J. 330 (C.M.A.1976), and *In Re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), as authority for their position.[1]

Government appellate counsel argue that appellant's reliance upon *Verdi,* is overbroad. They state that under the facts in *Verdi,* the appellant presented evidence at trial that raised the factual issue of the regulatory exception and that the Government then had the burden of persuasion to prove the appellant did not come under the exception to that regulation. Consequently, as the appellant did not raise the issue in the case at bar, there was no requirement on the prosecution to prove the inapplicability of the exceptions to the subject regulation.

They further argue that the case at bar was decided before the decision in *Verdi* and that the decision in that case, if applicable at all, should only be applied prospectively to those cases tried after the date of that decision, to wit: 5 September 1978.

The decision in *United States v. Verdi, supra,* was in part based upon the decision of the Supreme Court of the United States in *United States v. Vuitch,* 402 U.S. 62, 91 S.Ct. 1294, 28 L.Ed.2d 601 (1971). Vuitch, a physician, was charged with illegally performing an abortion under a District of Columbia statute which prohibited abortions unless they were performed by a physician as necessary to preserve the mother's life or health. The district court dismissed the indictment on the basis that it was unconstitutionally vague. However, the district court also held that once the Government established that a physician committed an abortion, the burden of proof shifted to the physician to justify his acts.

On appeal by the Government, the Supreme Court reversed. They first determined that the indictment was not unconstitutionally vague. They then noted that "a statute that outlawed only a limited category of abortions but 'presumed' guilt whenever the mere fact of an abortion was established, would at the very least present serious constitutional problems under the Court's previous decisions interpreting the Fifth Amendment" to the Constitution. The Court stated with regard to the burden of proof that "the statute in question does not outlaw all abortions but only those which were not performed under the direction of a licensed physician and those not necessary to preserve the mother's life or health." The Court further noted that "[i]t is a general guide to the interpretation of criminal statutes that when an exception is incorporated in the enacting clause of a statute, the burden is on the prosecution to plead and prove that the defendant is not within the exception." That Court then held that, where the defendant is a doctor, the burden remained on the prosecution to plead and prove that an abortion under the statute in question was not necessary for the preservation of the mother's life or health.[2]

We believed that the Supreme Court's rule of statutory construction as applied in

---

1. The due process clause of the United States Constitution protects an accused against a criminal conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. *In Re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

2. Significantly, the opinion of the Court in *Vuitch* did not speak in terms of a requirement for the defendant to first introduce evidence that raises the issue of the statute's exceptions, as might be the situation in the case of an affirmative or special defense. *Cf. Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). The majority of the Court of Military Appeals likewise rejected the notion that exceptions within proscriptive regulations must be raised by the accused in the nature of a special defense. *United States v. Verdi,* 5 M.J. 330 (C.M.A.1978). The requirement of *Vuitch* to *plead* and *prove* that the defendant is not within an exception can only be read as meaning that it is to be regarded as an element of the offense to be proven in every case.

As note 28 in *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), indicated and as the statute in *Patterson* established, it is permissible to draft a statute (or regulation) that contains no exceptions but provides for certain defenses. In such an instance,

*Vuitch* is controlling here. Rules applicable to the construction of statutes are applicable, generally speaking, to the construction of regulations.[3]

If the prosecution is permitted to merely show that an accused possessed a hypodermic syringe and needle at a given time and place without showing that he was not authorized such possession, then the practical effect of mere possession, as in *Vuitch,* creates a presumption of guilt and transfers the burden of proof to that accused to prove that his possession was lawful. Such a consequence could result in conviction of one who chose to stand mute before the court and would cast a pall upon the presumption of innocence which attaches to any person charged with a criminal offense. The standards of proof beyond a reasonable doubt affirmed in *In Re Winship, supra,* look beyond mere formalism and address the substance of the matter in issue. *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).[4] Accordingly, we hold that it was incumbent upon the prosecution to present evidence which, if believed, established beyond a reasonable doubt that the appellant was not authorized to possess a hypodermic syringe and needle in the course of his official duties or that he had not been authorized possession of such articles by a valid prescription. Here the pros-

ecution failed to prove this element of the offense charged beyond a reasonable doubt.

■ One final matter remains for resolution. As noted, the Government contends that if our decision should require the exceptions to the regulation be proved as elements of the offense, then such a decision should only be applied prospectively to those cases tried after the date of decision in *United States v. Verdi, supra.*

The government's position is at best inappropriate. Here, we are not faced with a new rule resulting from a substantial change in existing precedent. *See Patterson v. New York,* 432 U.S. 197, 201, n.6, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *Hankerson v. North Carolina,* 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977). Rather, we have had a practice that is constitutionally deficient and which must be conformed to the established fundamental requirements of due process of law.

In view of these circumstances, we find no special conditions that would warrant prospective application of the foregoing decision.[5]

The findings of guilty and the sentence are set aside and the charge is dismissed.

Senior Judge JONES and Judge LEWIS concur.

---

there are no exceptions for the prosecution to disprove and the accused must raise the defenses (unless they are raised by the government's evidence).

3.  *United States v. Baker,* 18 U.S.C.M.A. 504, 40 C.M.R. 216 (1969).

4.  Government appellate counsel also argue that the United States Supreme Court's decisions in *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), and *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), dictate a different result here. We think not. *Patterson* involved an *affirmative defense* of extreme emotional disturbance which could, in an appropriate case, reduce a finding of guilty from murder in the second degree to manslaughter. The elements of the offense of murder in the second degree were not affected by such a procedure, as the affirmative defense was a matter in mitigation of the primary offense in that case.

In *Mullaney,* the Supreme Court struck down, as a violation of due process, the construction of a Maine statute that authorized a

charge of murder to be reduced to manslaughter if the defendant was able to prove, by a fair preponderance of the evidence, that his act was committed in the heat of passion on sudden provocation. The Court accepted the Supreme Court of Maine's construction that their statute only required a finding of guilty to felonious homicide. However, the Court rejected the state's argument that the defendant's burden was only in reducing the penalty from murder to manslaughter. The ruling stated that the effect achieved by the construction of the statute was a shifting of the burden of proof to the defendant to disprove malice by showing that the act committed was done in heat of passion on sudden provocation by a fair preponderance of the evidence. When the issue of heat of passion was raised, the burden remained on the state to prove beyond a reasonable doubt the absence of heat of passion on sudden provocation.

5.  *Cf. United States v. Martin,* 4 M.J. 852, 857 (A.C.M.R.1978).

## APPENDIX

IN THE UNITED STATES
COURT OF MILITARY APPEALS

| | | |
|---|---|---|
| U N I T E D    S T A T E S, | ) | CERTIFICATE OF REVIEW |
| Appellant | ) | |
| v. | ) | Court of Military Review |
| | ) | Case No. CM 437079 |
| Private E-1 IRA J. WOODS, | ) | |
| JR., 457 06 2732, | ) | Docket No. _____ |
| United States Army, | ) | |
| Appellee | ) | |

TO THE JUDGES OF THE UNITED STATES COURT OF MILITARY APPEALS:

1. Pursuant to the Uniform Code of Military Justice, Article 67(b)(2), 10 U.S.C. § 867(b)(2) the record of trial, and decision of the Court of Military Review, United States Army, in the above-entitled case, are forwarded for review.

2. Private Ira Woods was convicted by general court-martial, contrary to his pleas, of possession of a hypodermic syringe and needle in violation of Article 92, Uniform Code of Military Justice. He was sentenced to a bad conduct discharge, confinement for seven months, and forfeiture of $250.00 pay per month for ten months. The convening authority approved the sentence. On 23 April 1979, in its Opinion of the Court, the United States Army Court of Military Review set aside the findings and sentence and dismissed the charge. *United States v. Woods,* CM 437079 (ACMR 23 April 1979). On 16 May 1979, the Army Court of Military Review denied the Government's Motion for Reconsideration of that Opinion.

3. It is requested this Court address itself to the following issue:

WHETHER THE COURT OF MILITARY REVIEW WAS CORRECT IN HOLDING THAT THE EXCEPTIONS CONTAINED IN THE ENACTING CLAUSE OF A REGULATION WHICH PROHIBITS POSSESSION OF A HYPODERMIC SYRINGE AND NEEDLE "EXCEPT IN THE COURSE OF OFFICIAL DUTY OR PURSUANT TO VALID PRESCRIPTION," ARE ELEMENTS OF THE OFFENSE WHICH THE PROSECUTION MUST PROVE, ALTHOUGH FACTS SUPPORTING THE EXCEPTIONS ARE NOT REASONABLY OBTAINABLE BY THE PROSECUTION AND LIE ESPECIALLY WITHIN THE CONTROL OR PECULIARLY WITHIN THE KNOWLEDGE OF THE ACCUSED, RATHER THAN THE EXCEPTIONS BEING SPECIAL DEFENSES REQUIRING "SOME EVIDENCE" THAT A DEFENSE APPLIES BEFORE THE PROSECUTION MUST PROVE BEYOND A REASONABLE DOUBT THAT AN ACCUSED IS NOT COVERED BY THE EXCEPTION.

THE JUDGE ADVOCATE GENERAL