UNITED STATES, Appellant,

v.

Wendell D. CUFFEE, Specialist Five,
United States Army, Appellee.

No. 38,451.

CM 438107.

U. S. Court of Military Appeals.

April 13, 1981.

For Appellant: *Captain Richard P. Laverdure* (argued); *Colonel R. R. Boller, Major David McNeill, Jr., Captain Harry J. Gruchala, Captain Rolland S. Roup* (on brief); *Major John T. Meixell, Major Ted B. Borek, Captain Robert D. Higginbotham.*

For Appellee: *Captain Charles E. Trant* (argued); *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John F. Lymburner, Major Elliot J. Clark, Jr., Captain Michael K. King* (on brief).

Amicus Curiae on behalf of Appellant: *Colonel James P. Porter*, USAF, *Major Robert T. Mounts*, USAF.

## OPINION OF THE COURT

COOK, Judge:

Contrary to his pleas, appellant was convicted, by a general court-martial, of possessing drug paraphernalia and possessing and selling heroin, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934, respectively. He was sentenced to a reduction to E-1, confinement at hard labor for 12 years, total forfeitures, and a dishonorable discharge. The convening authority reduced the confinement to 6 years, but otherwise approved the findings and sentence. The United States Army Court of Military Review reversed the findings of guilty of Charge I and its specification (possession of drug paraphernalia) and ordered it dismissed. Upon reassessing the sentence, that court reduced the confinement to 4 years and affirmed the remaining sentence. *United States v. Cuffee*, 8 M.J. 710 (A.C.M.R.1979). The Judge Advocate General of the Army has certified an issue to this Court which questions the correctness of the Court of Military Review's reversal of the findings of guilty of Charge I. 8 M.J. 227.

The specification under Charge I alleged that appellant violated a lawful general regulation, *i. e.*, paragraph 33, USAREUR Regulation 632–10, dated April 1, 1977, as amended by change 1, dated May 19, 1978, by possessing a hypodermic syringe with a hypodermic needle. This regulation proscribes the following:

Except in the course of official duty or pursuant to valid prescription, personnel will not possess a hypodermic syringe with a hypodermic needle or any other device constructed in such a manner as to permit its use as a means of injecting a liquid substance into or through the tissues of the body.

The court below, citing *United States v. Verdi*, 5 M.J. 330 (C.M.A.1978), held that "the prosecution failed to prove that appellant's possession was outside the exceptions and the military judge failed to instruct the members as to [this] burden." Although the court further held that the appellant's own testimony provided sufficient evidence to conclude "beyond a reasonable doubt that he was not within the exceptions," the failure of the military judge to instruct on the matter required reversal. *United States v. Cuffee, supra* at 714. One judge filed a separate opinion dissenting on the basis that the majority's interpretation of *Verdi* was overly broad. We agree with the dissenting judge.

In *Verdi*, a majority of this Court, relying primarily on *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *United States v. Vuitch*, 402 U.S. 62, 91 S.Ct. 1294, 28 L.Ed.2d 601 (1971); and *In re Winship*, 397 U.S 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), held:

> The jury must be instructed that where an exception is contained within the criminal statute or regulation, the burden of proof is upon the prosecution also to prove that the accused does not fall within the exceptions contained in the statute. Where the affirmative defense which might be interposed on behalf of the accused does not appear within the statute (or regulation) which defines the criminal act, the prosecution does not have the initial burden to negative those affirmative defenses.

*Id.* at 334 (footnotes omitted). Some courts have interpreted *Verdi* as requiring the Government to affirmatively prove that an accused is not within an exception to a regulatory proscription, while others have not done so where no issue as to the exception has been raised during the trial. *Compare United States v. Cuffee, supra,* and *United States v. Woods*, 7 M.J. 750 (A.C.M.R.1979), *with United States v. Brinkley*, M.J. 588 (N.C.M.R.1979), and *United States*

*v. Acosta*, 6 M.J. 992 (N.C.M.R.1979). We believe those courts which have interpreted *Verdi* as requiring the Government to affirmatively prove that the accused is not within a regulatory exception where the issue has not been raised by the evidence have ignored the circumstances giving rise to the quoted paragraph. Initially, those opinions ignore the fact that a majority in *Verdi* specifically found that an issue as to the applicability of the exception had been raised by the evidence.[1] Additionally, Judge Perry made the following comments concerning my dissenting opinion:

> Our dissenting colleague reminds us that previous decisions of this Court dictate different conclusions concerning the burden of proof which we announce herein. Thus, in *United States v. Gohagen*, 2 U.S.C.M.A. 175, 7 C.M.R. 51 (1953), this Court held that the Government was not required to establish that the accused did not fall within the exceptions of an order which prohibited possession of instruments such as syringes and hypodermic needles "except for household use or the treatment of disease." The dissent, therefore, suggests that *Gohagen* dictates the conclusion that the *burden was on this appellant to prove the existence of circumstances* which would have brought him within the exceptions to AFM 35–10 and that the judge in this case would not have been required to instruct as to any instance when a wig might be worn without violating the regulation.

*Id.* at 335 (emphasis supplied). Thus, Judge Perry interprets *Gohagen* as requiring an accused to prove that he came within an exception to a regulation. My quotation from *Gohagen* did contain a reference to "the power of accused to prove." *Id.* at 342.

Indeed, the earlier cases of this Court did not specifically distinguish between a burden of production, which only requires that an issue as to an exception be raised by the evidence, and a burden of persuasion, which would require an accused to affirmatively

---

1. I dissented to this portion of *United States v. Verdi*, 5 M.J. 330, 341 (C.M.A.1978), on the basis that my review of the record did not support the majority's conclusion. However, the majority opinion was predicated on the fact that such an issue had been raised.

prove by some standard of proof that he came within the exception. *See United States v. Mallow*, 7 U.S.C.M.A. 116, 21 C.M.R. 242 (1956); *United States v. Blau*, 5 U.S.C.M.A. 232, 17 C.M.R. 232 (1954). However, language in other cases makes reference to the burden of production. In *United States v. Jenkins*, 22 U.S.C.M.A. 365, 367, 47 C.M.R. 120, 122 (1973), the Court observed that the accused had "reasonably rais[ed] an issue that he was in the excepted class." In *United States v. Tee*, 20 U.S.C.M.A. 406, 408, 43 C.M.R. 246, 248 (1971), the Court referred to "the transfer of this 'obligation of going forward' to an accused." *See United States v. Rose*, 19 U.S.C.M.A. 3, 41 C.M.R. 3 (1969); *United States v. Thompson*, 3 U.S.C.M.A. 620, 14 C.M.R. 38 (1954). Thus, I made the following observations in *United States v. Verdi, supra* at 342:

> If nothing else appeared in the record, under *Gohagen*, the judge would not have been required to instruct as to any instance when a wig might be worn without violating the regulation. There was, however, some evidence relevant to an exception, and the question, therefore, is whether that evidence was sufficient to require a specific instruction as to it.

Accordingly, although Judge Perry only condemned *Gohagen* for shifting the burden of persuasion to an accused, I cited *Gohagen* only for the concept of shifting the burden of production. Therefore, *Verdi* did not hold that an accused cannot be held accountable for the burden of production.

We turn now to the accused's argument that the United States Supreme Court has precluded the shifting of even a mere burden of production to an accused in regard to an excepted class from a general proscription. An examination of his cited authorities do not support that view.

*In re Winship, supra*, 397 U.S. at 364, 90 S.Ct. at 1073, simply held that "proof beyond a reasonable doubt of every fact necessary to constitute the crime" was applicable to juvenile proceedings. It did not involve any discussion of the distinction between the burden of production and burden of persuasion. *United States v. Vuitch, supra*, did involve an exception to a prohibition against abortion, and the statute in question excepted abortions performed by licensed practitioners of medicine for preservation of the mother's life or health. The Court rejected an interpretation of the statute which required the physician to persuade the jury that the abortion was legal and required the prosecution to plead and prove that the abortion was not performed for the excepted reasons. The majority opinion observed that the exception was incorporated in the enacting clause of the statute, that shifting the burden of proof to the physician appeared to be contrary to the intent of Congress in view of the history of the legislation, and such a burden was inconsistent with society's view of the medical profession and the responsibilities of doctors. The present case is distinguishable as *Vuitch* was clearly involved with the burden of persuasion rather than a burden of production. Certainly, there is no societal view against proscribing the possession of drug paraphernalia. Although the exception is within the proscriptive language, we do not perceive this as part of the definition of the offense because, contrary to *Vuitch*, the regulatory exception here has historically been viewed as not within the basic definition of the offense.[2] *Accord United States v. Henry*, 615 F.2d 1223, 1234–35 (9th Cir. 1980). *See Morrison v. California*, 291 U.S. 82, 54 S.Ct. 281, 78 L.Ed. 664 (1934); *McKelvey v. United States*, 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301 (1922); *United States v. Tee, supra; United States v. Gohagen, supra*. Indeed, the Supreme Court has apparently rejected any contention that *Vuitch* requires the prosecution to plead

---

2. Indeed, a subsequent decision of the Supreme Court reflects that the Court views the substance of the offense of abortion as subject to constitutional limitation. *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). The dissenting judge in the Court of Military Review noted that this was a significant factor in the Court's analysis in *United States v. Vuitch*, 402 U.S. 62, 91 S.Ct. 1294, 28 L.Ed.2d 601 (1971). *United States v. Cuffee*, 8 M.J. 710, 716, n. 5 (A.C.M.R.1979).

and prove an exception in all cases. *United States v. Mazurie,* 419 U.S. 544, 550 n. 9, 95 S.Ct. 710, 714, n. 9, 42 L.Ed.2d 706 (1975).

Furthermore, *Mullaney v. Wilbur, supra,* does not support the view that placing the burden of production on a defendant is impermissible. Although the Court invalidated a Maine rule which required the defendant to prove he acted in the heat of passion on sudden provocation to reduce a charge of homicide to manslaughter, the Court observed that an element of the greater offense, malice aforethought, was conclusively presumed in the absence of proof from the defendant. The Court noted the following:

> Many States do require the defendant to show that there is "some evidence" indicating that he acted in the heat of passion before requiring the prosecution to negate this element by proving the absence of passion beyond a reasonable doubt.... Nothing in this opinion is intended to affect that requirement.

*Id.* at 701 n. 28. *Also see* 702 n. 31.

In *Patterson v. New York,* 432 U.S. 197, 201, 97 S.Ct. 2319, 2322, 53 L.Ed.2d 281 (1977), the Supreme Court upheld a requirement that accused must prove the defense "of extreme emotional disturbance" and distinguished *Mullaney* on the basis that an element of the offense was not involved. Mr. Justice Powell filed a dissent on the basis that *Patterson* involved a shifting of the burden of persuasion to the defendant rather than a mere burden of production which he concluded was permissible. *Id.* at 230–31, 97 S.Ct. 2337–38.

In *Sandstrom v. Montana,* 442 U.S. 510, 518, 99 S.Ct. 2450, 2456, 61 L.Ed.2d 39 (1979), the Supreme Court struck down a jury instruction that shifted "not only the burden of production, but also the ultimate burden of persuasion on the issue of intent." 442 U.S. 510, 518, 99 S.Ct. 2450, 2456, 61 L.Ed.2d 39 (1979) (footnote omitted). *See Ulster County Court v. Allen,* 442 U.S. 140, 157–58 n. 16, 99 S.Ct. 2213, 2225 n. 16, 60 L.Ed.2d 777 (1979). Thus, the cited authorities from the Supreme Court do not preclude the shifting of the burden of production to the accused as distinguished from the burden of persuasion. Contrarily, they support it. *See United States v. Henry, supra,* and cases cited therein.

Accordingly, the certified issue is answered in the negative. We hold that the United States Army Court of Military Review incorrectly reversed the findings of guilty of Charge I, and so much of the court's decision as dismissed Charge I and its specification and reassessed the sentence on the basis thereof is reversed. The record of trial is returned to the Judge Advocate General of the Army for submission to the Court of Military Review for further proceedings in light of this opinion.

Chief Judge EVERETT and Judge FLETCHER concur.