# UNITED STATES

### v.

**Samuel L. PAINTER, 180 54 4901 Corporal (E-4), U.S. Marine Corps.**

**NMCM 92 02225.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 21 Nov. 1991.

Decided 7 Dec. 1993.

LT Darryl G. Geary, JAGC, USNR, Appellate Defense Counsel.

LCDR Lyle H. Bowen, Jr., JAGC, USN, Appellate Government Counsel.

Before REED, LAWRENCE and DeCICCO, JJ.

DeCICCO, Judge:

Contrary to his pleas, appellant was convicted by a general court-martial composed of officer and enlisted members of wrongful possession and use of drug abuse paraphernalia, three specifications of wrongful use of methamphetamine, four specifications of wrongful distribution of methamphetamine, three specifications of wrongful possession of methamphetamine with intent to distribute and breaking restriction in violation of Articles 92, 112a and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 912a and 934.[1] His sentence included confinement for 4 years, reduction to the lowest enlisted grade, forfeiture of all pay and allowances and a bad-conduct discharge. The convening authority approved the sentence.

Appellant raises multiple issues for our consideration.[2] We agree with his first contention and hold that possession and use of items used in the packaging, weighing and trafficking of illegal drugs do not violate the regulation relied upon by the prosecution in this case. We further find that the Government proved his guilt beyond a reasonable doubt of the other offenses of which he was convicted and, upon reassessment of the sentence, find it nonetheless appropriate for the remaining offenses.

## I

■ The Government charged appellant with violating Article 92, UCMJ, by wrongfully possessing and using drug abuse paraphernalia in violation of a lawful general order, Secretary of the Navy Instruction 5300.-28B dated 11 July 1990, MILITARY ALCOHOL AND DRUG ABUSE PREVENTION AND CONTROL (SECNAVINST 5300.-28B).[3] Specifications 1 and 2 under this charge did not contain any enumeration of the specific objects alleged to be drug abuse

---

1. The military judge dismissed one specification of possession with intent to distribute as multiplicious for findings with two other specifications. Record at 680–681.

2. I. THE GOVERNMENT FAILED TO PROVE APPELLANT'S GUILT BEYOND A REASONABLE [DOUBT] OF CHARGE I AND ITS TWO SPECIFICATIONS.
II. THE GOVERNMENT FAILED TO PROVE APPELLANT'S GUILT BEYOND A REASONABLE [DOUBT] OF CHARGE II AND ITS SPECIFICATIONS.
III. THE COURT–MARTIAL DID NOT HAVE JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)
IV. THIS COURT HAS NO JURISDICTION BECAUSE ITS JUDGES ARE NOT APPOINTED TO FIXED TERMS OF OFFICE. (CITATION OMITTED.)
V. APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)
VI. BECAUSE THIS COURT'S JUDGES WERE APPOINTED IN VIOLATION OF THE APPOINTMENTS CLAUSE, THIS COURT HAS NO POWER TO REVIEW APPELLANT'S CASE. (CITATION OMITTED.)
VII. THE JUDGE ADVOCATE OF THE NAVY'S PREPARATION OF NAVY–MARINE CORPS COURT OF MILITARY REVIEW JUDGES' FITNESS REPORTS VIOLATES APPELLANT'S RIGHT TO AN IMPARTIAL JUDICIAL FORUM. (CITATION OMITTED.)

3. This regulation was received into evidence as Prosecution Exhibit 1.

paraphernalia. Paragraph 6.b. of the instruction states:

> Except for authorized medicinal purposes, the use, possession, or distribution of drug abuse paraphernalia by persons in the Naval Service is hereby prohibited. A violation of this prohibition by such personnel may result in punitive action under the UCMJ or adverse administrative action or both.

Paragraph 4.f. defines "drug abuse paraphernalia" as:

> All equipment, products, and materials of any kind that are used, intended for use, or designed for use in injecting, ingesting, inhaling, or otherwise introducing into the human body in any manner drugs, chemicals or other controlled substances in violation of law. Enclosure (1) includes a non-inclusive listing of common forms of property that can fall within the definition of drug abuse paraphernalia.

Enclosure (1) to SECNAVINST 5300.28B contains a number of examples of the items that would be considered drug abuse paraphernalia under the above definition. It lists hypodermic syringes and needles, several types of pipes, "roach clips" (objects used to hold burning material such as marijuana cigarettes, that has become too small or too short to be held in the hand), and cocaine spoons. The enclosure states that to ensure innocently possessed objects are not classified as drug abuse paraphernalia, the criminal intent of the person in possession of the object or the intended use of its design are key elements to consider in determining whether an item fits the definition.

The evidence offered at appellant's trial to support the Article 92 violation included a plastic glass containing a folded paper bindle,[4] another folded paper bindle, 2 plastic zip-lock bags, a plastic scale, a piece of alumi-num foil and a metal scale (Prosecution exhibits 6–9, and 11–13). Civilian trial defense counsel argued that these objects should not have been admitted into evidence because they did not fit the definition of drug abuse paraphernalia contained in SECNAVINST 5300.28B. Record at 408. Appellate defense counsel argues that the prosecution failed to prove appellant's guilt of the charge beyond a reasonable doubt. The Government concedes the issue because the objects introduced at trial are not the type of articles used for the ingestion of illegal drugs and their possession and use in this case are therefore not prohibited by SECNAVINST 5300.28B.

■ We also agree. Appropriate authorities may lawfully prohibit the wrongful possession and use of drug abuse paraphernalia by military personnel. *United States v. Gohagen,* 2 C.M.A. 175, 7 C.M.R. 51 (1953); *United States v. Dykes,* 6 M.J. 744 (N.C.M.R. 1978). Such directives are related to military duty which includes not only those pursuits normally construed as martial but also all activities reasonably necessary to safeguard or promote the morale, discipline and usefulness of military personnel and which are directly connected with the maintenance of service good order. *Dykes* (citing *United States v. Martin,* 1 C.M.A. 674, 5 C.M.R. 102 (1952)). But by defining drug abuse paraphernalia only as objects used, intended for use, or designed for use in *injecting, ingesting, inhaling, or otherwise introducing* illegal drugs into the human body, the Secretary has specifically limited such paraphernalia to objects used, intended for use or designed for use for only those purposes,[5] and any prosecution under such a directive is restricted to such objects. Bindles, scales, zip-lock bags, plastic glasses and aluminum foil, without some other evidence of how they could possibly be used, are not, in and of them-

---

4. A bindle is a folded piece of paper commonly used to package illicit drugs in small amounts up to one gram in weight. *United States v. Wajda,* 810 F.2d 754, 760 n. 9 (8th Cir.1987).

5. Compare with *United States v. McDavid,* 37 M.J. 861 (A.F.C.M.R.1993) which upheld a conviction under Air Force Regulation 30-2 for wrongfully possessing drug paraphernalia consisting of written instructions for producing ly-sergic acid and lysergic acid amide, a container of petroleum distillate labelled reagent quality petroleum ether and a bottle of reagent quality methanol. The regulation defined drug abuse paraphernalia as "[a]ny equipment, product, or material that is used, intended to be used, or designed to be used, in ... manufacturing, compounding, converting, [or] producing, processing, preparing ... a controlled substance." 37 M.J. at 863.

selves, used, intended or designed to inject, ingest, inhale or introduce illegal drugs into the human body. Instead, we view such objects as being associated with the packaging, weighing and trafficking of the drugs. These purposes are not encompassed by the regulation appellant was charged with violating. We therefore conclude that the prosecution failed to prove Charge I beyond a reasonable doubt. The guilty findings to that charge and both specifications thereunder are set aside and that charge and both specifications are dismissed.

## II .

Regarding the second assignment of error, we are convinced of appellant's guilt of the remaining charges and specifications of which he was convicted beyond a reasonable doubt. The remaining assignments of error have been previously considered and lack merit. *United States v. Weiss*, 36 M.J. 224 (C.M.A.1992), *cert. granted*, —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993); *United States v. Graf*, 35 M.J. 450 (C.M.A. 1992); *United States v. Mitchell*, 37 M.J. 903 (N.M.C.M.R.1993) (en banc).

## III

■ In light of our action above, we must reassess the sentence. We view the severity of the dismissed charge and specifications to pale in comparison to the rest of appellant's criminal enterprise. The maximum sentence he faced at trial was confinement for 67 years and 1 month. Without the dismissed offenses, it is still 65 years and 1 month. His sentence as adjudged and approved was 4 years. He was convicted of using, possessing and distributing methamphetamine to several persons, including fellow Marines, from December 1990 to July 1991. Considering the entire record of trial, appellant's record and his unsworn statement (Record at 688–693), and applying the principles of *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), we have reassessed the sentence and find the sentence adjudged at trial to be appropriate for the remaining offenses.

Accordingly, the findings as to Charges II and III and their specifications, and the sentence are affirmed.

Senior Judge REED, and Judge LAWRENCE concur.