# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 DAVID G. CROWLEY III**
**United States Army, Appellant**

ARMY 20150265

Headquarters, United States Army Alaska
Jeffery D. Lippert, Military Judge
Colonel Erik L. Christiansen, Staff Judge Advocate

For Appellant:  Major Andres Vazquez, Jr., JA; Major Daniel E. Goldman, JA (on brief).

For Appellee:  Lieutenant Colonel A.G. Courie III, JA (on brief).

31 May 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

CAMPANELLA, Senior Judge:

In this case, we hold that plastic baggies and a scale fall outside of the descriptive language contained in the general order prohibiting the possession of "items or paraphernalia intended to facilitate the *use*, *manufacture*, or *refinement* of any" prohibited substance.  We also find unreasonable post-trial delay in that the seventy-eight-page transcript of the hearing pursuant to *United States v. DuBay*, 17 C.M.A. 147, 37 C.M.R. 411 (1967), which includes as evidence only a telephonic interview of appellant and a stipulation of fact, took 316 days to process.

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of four specifications of absence without leave (AWOL), violating a lawful general order, and three specifications of wrongful use of controlled substances, in violation of Articles 86, 92, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 912a (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge and 120 days of confinement. The military judge granted appellant fifty-seven days pretrial

confinement credit. The convening authority approved the adjudged sentence and the confinement credit.

This case is before us for review pursuant to Article 66, UCMJ. Appellant submitted his case on its merits but raised one issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), which merits discussion and relief.

## BACKGROUND

While appellant was AWOL, his chain of command inventoried his barracks room and found plastic bags, a straw burnt on one end, and a scale in appellant's safe.

## LAW AND DISCUSSION

*Common Objects as Drug Paraphernalia*

For the plastic baggies, burnt straw, and scale recovered from appellant's barracks room, the government charged appellant with failing to obey Joint Base Elmendorf-Richardson Commanding General Policy #0-21, Prohibiting Use of Intoxicating Substances and Possession of Drug Paraphernalia, dated 29 August 2013 (CG Policy #0-21). This general order prohibits, "items or paraphernalia intended to facilitate the use, manufacture, or refinement of any" prohibited substance. CG Policy #0-21

During the providence inquiry, appellant explained each of the charged items: "the baggies were used to contain a drug I had used"; "the straw is what I used to snort the Molly"; and "the scale was used to weigh either Molly or weed." The military judge failed to develop the required nexus between drug use and an item not intrinsically drug-related. *See e.g., United States v. Camacho*, 58 M.J. 624, 631 (N-M. Ct. Crim. App. 2003) (Specification charging a butane torch as drug paraphernalia was factually insufficient). The military judge raised this issue with appellant by saying, "I can go to Walmart and buy baggies right?" but was satisfied when appellant agreed, "they were, in fact, used at some point--or you used them, at some point, to put items of contraband material or drugs in them."

An item that contains, transports, or measures drugs is distinct from those items prohibited by CG Policy #0-21, which facilitate the "use, manufacture, or refinement" of drugs. *See e.g., United States v. Painter*, 39 M.J. 578, 580-81 (N.M.C.M.R. 1993) ("Bindles, scales, zip-lock bags, plastic glasses and aluminum foil, without some other evidence of how they could possibly be used, are not, in and of themselves, used, intended or designed to inject, ingest, inhale or introduce illegal drugs into the human body. Instead, we view such objects as being associated with the packaging, weighing and trafficking of the drugs.") Here,

words such as "distribution" or "trafficking" are notably missing from CG Policy #0-21.

The providence inquiry established only that the straw used to snort a prohibited substance was drug paraphernalia that violated CG Policy #0-21. Given the ordinary meaning of the words, we do not find that the plastic bags and scale facilitated the "use, manufacture, or refinement" of drugs.

*Post-Trial Delay*

On 7 July 2016, this court ordered a *DuBay* hearing to determine if appellant was subjected to pretrial maltreatment or punishment under Article 13, UCMJ and, if so, to determine the nature and full extent of the punishment.

We received the seventy-eight-page *DuBay* transcript 316 days later, on 19 May 2017. The only witness at the *DuBay* hearing was appellant, who provided telephonic testimony. The government, defense counsel, and appellant agreed to stipulate additional facts. The military judge at the *DuBay* hearing concluded that although appellant was subjected to improper punishment, it occurred months prior to appellant's misconduct and by another unit. Accordingly, he concluded appellant was not subjected to illegal pretrial punishment. Furthermore, during presentencing proceedings, appellant was able to present the incidents of improper actions to the military judge as evidence in mitigation.

The government's delay in conducting and transcribing the *DuBay* hearing has caused appellant's case to languish.

Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

The delay between docketing with this court and this opinion is simply too long, and could "adversely affect the public's perception of the fairness and integrity of the military justice system." *Ney*, 68 M.J. at 617. This is particularly true where we have been provided with no reasonable explanation for the tremendous amount of time it took to complete the *DuBay* hearing and return the record of trial to this court. Thus, we find relief is appropriate under the facts of this case.

**CONCLUSION**

On consideration of the entire record and appellant's *Grostefon* matters, the court affirms only so much of the finding of guilty of the Specification of Charge III as finds that:

> appellant did, at or near Joint Base Elmendorf-Richardson, Alaska, between on or about 1 April 2014 and on or about 10 June 2014, fail to obey a lawful general order, to wit: CG Policy #0-21, dated August 29 2013, by wrongfully possessing a straw with burnt residue.

The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the error noted and, the entire record, we affirm only so much of the sentence as provides for a bad-conduct discharge and confinement for 90 days. All rights, privileges, and property, of which appellant has been deprived by virtue of his sentence are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

Judge HERRING and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4