J. B. JOINER v. STATE

No. 27,588. May 18, 1955

*Jack Ray* and *G. Gordon Whitman,* by *G. Gordon Whitman,* Ft. Worth, for appellant.

*Howard M. Fender,* Criminal District Attorney, *Grady Hight, Hugh F. King,* and *Conard Florence,* Assistants Criminal District Attorney, Ft. Worth, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $50.00.

Three people were riding in the automobile in question at the time involved in this prosecution. Betty Jean Woods was the driver; the appellant, who was the owner thereof, and Mrs. Woods' husband were passengers. There was evidence which indicated that all three people had been drinking. Complaints were filed charging Mrs. Woods and the appellant with driving while intoxicated.

Officers Slaughter and Reeves saw appellant's car being driven in what they described as "a very erratic manner." They followed the car for some half mile or so before it pulled over and stopped in a parking area in front of a liquor store without the officers having carried out their intention of attempting to stop the car.

The guilt of appellant is not shown by proof that he was intoxicated, or that he was the driver of the car. The state's case

rests upon the theory that Mrs. Woods, who was driving the car at the time in question, was intoxicated and that appellant, who was the owner of the car, acted with her as a principal.

This theory was submitted to the jury by the court in his charge, the court instructing that "When an offense is actually committed by one or more persons but others are present and know the unlawful intent, agrees to the commission of the offense and aid by acts or encourages by words or gestures, those actually engaged in the commission of the unlawful act, such persons so aiding or encouraging, are principals."

Applying the law the court instructed the jury that if they believed beyond a reasonable doubt that Mrs. Woods drove a motor vehicle on a public highway while intoxicated "and you further find and believe from the evidence that the defendant J. B. Joiner was present and knew of the unlawful intent of the said Betty Jean Woods, the said defendant Joiner aided by acts or encouraged by words or gestures the said Betty Jean Woods in driving and operating said motor vehicle, then you will find the defendant guilty * * *"

Appellant requested that the jury be instructed to acquit him unless it found beyond a reasonable doubt that he knew that Mrs. Woods was intoxicated at the time, which requested charge was refused.

A criminal or unlawful intent is not an essential element of the offense of driving a motor vehicle upon a public highway while intoxicated. An accused may be convicted of such offense though he may in good faith believe that he is competent to drive and is entirely sober. In fact many drivers assert that their ability to handle a motor vehicle is improved when they reach a condition which to sober witnesses amounts to intoxication.

It is now the settled law in this state that the owner of an automobile who permits another whom he knows to be intoxicated to drive the same while he is a passenger therein may be criminally responsible for the acts of the driver, provided there is shown the existence of the elements necessary to constitute him a principal. Brewer v. State, 140 Texas Cr. R. 9, 143 S.W. 2d 599; Story v. U.S., 16 Fed. 2d 342; State v. Gibbs, 44 S.E. 2d 201; and Puckett v. State, 15 N.W. 2d 63.

Appellant's guilt as a principal was dependent upon proof

that when he permitted, aided or encouraged Mrs. Woods in driving his automobile he was aware of her intoxicated condition.

Unless appellant knew that Mrs. Woods was intoxicated when he permitted her to drive, or failed to cause her to pull off the highway immediately upon discovering that she was intoxicated, he would not be guilty under the law of principals of driving a motor vehicle upon a public highway while intoxicated.

The trial court erred in failing to respond to the request that the jury be instructed to acquit unless they found that appellant knew that Mrs. Woods was intoxicated.

Doubt is expressed as to the sufficiency of the evidence to establish that appellant was aware of Mrs. Woods' intoxicated condition, but the record suggests the possibility that other evidence may be available in the event of another trial.

The judgment is reversed and the cause remanded.