J. D. FRAZIER V. STATE

No. 32,493. November 23, 1960

*Clay Coggins,* Roby, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated, as a second offender; the punishment, a fine of $100.00.

Appellant's guilt is not made to depend upon the fact that he was the driver of the automobile but upon the theory that Cox, who was driving appellant's automobile at the time in question, was intoxicated and that appellant, who was present, acted with his as a principal. In support of that theory, the state relied entirely upon the testimony of Cox. He testified that earlier in the afternoon he, his father and appellant drove in appellant's automobile to Old Glory, where they purchased some beer. They drank nothing on the way home, and upon their return to Sweetwater they took appellant's father to his home and repaired to appellant's brother's home where they visited for a time. Cox took a portion of the beer inside and, along with appellant's brother, drank some. When being questioned as to whether or not appellant saw him drinking, Cox replied, "No, sir, I don't think he did." He further testified that they were not together in the house all the time. Appellant and Cox were arrested a short distance away from appellant's brother's home.

Recently, in Joiner v. State, 161 Tex. Cr. Rep. 526, 279 S.W. 2d 333, we had before us a similar fact situation and there expressed doubt of the sufficiency of the evidence to establish that the accused was aware of the fact that the driver of his automobile was intoxicated.

Finding the evidence insufficient to support the conviction, the judgment is reversed and the cause remanded.