**Billy Ray VENABLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38574.**

Court of Criminal Appeals of Texas.

Nov. 17, 1965.

Rehearing Denied Jan. 12, 1966.

Adelfa B. Callejo, Dallas, for appellant.

Henry Wade, Dist. Atty., Curtis Glover, Donald Koons and W. John Allison, Jr., Asst. Dist. Attys., Dallas, Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is drunk driving; the punishment, 3 days in jail and a fine of $75.

Trial was before the court upon a plea of not guilty.

At the conclusion of the case the trial judge made the following findings:

"At the end of the State's case the defense made a motion to find him not guilty on the part of the Court which the Court overruled. At that time the Court had heard three officers who testified in their opinion the Defendant was intoxicated to a certain degree. Officer Apple with five years experience, Officer Schafer with about ten years and Officer Livingston with about nine years, Officers Schafer and Livingston being the arresting officers. They testified as to the erratic driving of the car, about it sliding around the corner there and about it going around that other corner and hitting that concrete culvert and going into the ditch. At that time the circumstances were sufficient for the Court to overrule the motion of not guilty. Later the Defendant testified he was not driving the car and testified he met this man Williams down at the tavern. He said he had two or three beers down there and Williams testified he had six or eight. The Defendant said he was suspicious of Williams to start with and he was wondering about Williams driving the car. Now, when you get down to circumstantial evidence, it's possible they could have changed drivers at the scene of the accident. It was dark and the officers got there shortly afterwards and the car was tilted and they could have swapped places. On the other hand the Court finds that the Defendant knew that Williams had six or eight beers and was under the influence of intoxicating liquors and permitted him to drive that car on a public street and highway in Dallas County, Texas, on the date in question.

"The Court will hold as in the Ft. Worth case and find that the Defendant knew that Williams was under the influence of intoxicating liquor and was a passenger in the front seat of the car and find him guilty under that Ft. Worth case. In view of the Defendant's testimony and the fact that he was not driving himself I am going to assess a $75.00 fine and three days in the County Jail."

The "Ft. Worth case" referred to in the findings of the court is shown to be Joiner v. State, 161 Tex.Cr.R. 526, 279 S.W.2d 333, wherein we said:

"It is now the settled law in this State that the owner of an automobile who permits another whom he knows to be intoxicated to drive the same while he is a passenger therein may be criminally responsible for the acts of the driver, provided there is shown the existence of the elements necessary to constitute him a principal. Brewer v. State, 140 Tex.Cr.R. 9, 143 S.W.2d 599 * * *"

The pertinent facts from the standpoint of the defense are quoted from his brief: "Sometime after 7 P.M., Tuesday, April 7, 1964, George Williams, the helper of the Appellant Marble Setter arrived at Doc's Drive-Inn on Second Avenue, Dallas, Texas. While at Doc's, Williams telephoned Appellant at his home requesting to borrow one of the Appellant's two automobiles as he had frequently in the past. Appellant arrived at Doc's with the vehicle at approximately 8:15 P.M., whereupon Appellant and Williams in the ensuing approximate 1½ hours had 2 or 3 beers each. At that time,

approximately 9:45 P.M., Appellant and Williams, left Doc's Drive-Inn for the purpose of taking Appellant to his home. Appellant allowed Williams to drive his automobile. Williams drove along Second Avenue for approximately 3 miles to Fern Street. Approximately 3 to 4 blocks before the automobile got to Fern Street, Officers Livingston and *Shaf*fer in an unmarked squad car first noticed and followed Appellant's vehicle at an approximate distance of one block. At Fern Street Appellant's vehicle made a sudden turn to the left, proceeded approximately 40 feet and in attempting a 'U' turn drove off the roadway, hit the culvert and went into the ditch. Officers Livingston and *Shaf*fer arrived at the scene shortly thereafter and found the Appellant at the steering wheel attempting to drive his vehicle out of the ditch. At this point the officers determined both Appellant and Williams were intoxicated. After several unsuccessful attempts by Appellant to drive the automobile out of the ditch, Appellant and Williams both got out of the automobile and the officers placed them under arrest."

Appellant testified that the reason he allowed Williams to drive his automobile from the Drive-Inn rather than drive it himself was that he "wanted to see if he had had too much to drink to take the car out."

"Q. Did you have suspicions in your mind that he might be a little loaded?

"A. Well, I didn't know how long he had been there, and I didn't want to let the car go out if he had had too much to drink.

"Q. If he had had too much would you have told him no?

"A. Yes, I would have told him no.

"Q. Well, do you feel like he had had too much to drink out there?

"A. No, I don't think he had had too much.

"Q. Did he handle the car all right?

"A. He seemed to handle it fine."

To the contrary, the state's evidence was that the car was being driven in a dangerous or hazardous manner, weaving from lane to lane. This, the officers testified, was what attracted their attention and caused them to pursue the car until it went into the ditch.

We find the evidence sufficient to sustain a finding by the trial judge that appellant knew that Williams was under the influence of intoxicating liquor and permitted him to drive his car on a public street.

The evidence is also sufficient to sustain a finding that appellant drove his automobile upon a public street and into the culvert and ditch while intoxicated.

Either of such findings is sufficient to sustain the judgment of the trial court finding appellant guilty of "driving a motor vehicle upon a public road in Dallas County, Texas, while under the influence of intoxicating liquor," as charged in the information.

"The mere fact that a decision was given for a wrong or insufficient reason will not result in a reversal since, if the decision is correct on any theory of law applicable to the case, it will be sustained."

5 Tex.Jur.2d 606, Appeal and Error—Criminal, Sec. 402; Washington v. State, 91 Tex.Cr.R. 546, 239 S.W. 961; Fields v. State, 160 Tex.Cr.R. 498, 272 S.W.2d 120.

The judgment is affirmed.