### UNITED STATES

### v.

### Sergeant Teodoro L. MABAZZA, FR 586–05–4721 374th Aerial Port Squadron Thirteenth Air Force (PACAF).

### ACM S24505.

U. S. Air Force Court of Military Review.

Sentence Adjudged 11 Feb. 1977.

Decided 3 Aug. 1977.

form Code of Military Justice, of which the accused was also convicted.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain David A. Bateman. Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain William D. Byassee.

Before ABRAMS, EARLY and FORAY, Appellate Military Judges.

1. In *United States v. Carter,* 49 C.M.R. 636 (A.F.C.M.R.1974), a naval commander with similar responsibilities in Taiwan was held to

## DECISION

ABRAMS, Chief Judge:

Tried by a special court-martial with members, the accused was convicted, contrary to his plea, of one offense of violating a lawful general regulation, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. The approved sentence provides for a bad conduct discharge, forfeiture of $200.00 per month for five months, and reduction to airman basic.

The accused, stationed in the Republic of the Philippines, was subject to general regulations promulgated by the Commander, U.S. Naval Forces, Philippines to prevent black-marketing.[1] He was tried and convicted for violating CINCPACREP PHIL/COMUSNAVPHIL INSTRUCTION 4066.10, paragraph 4a(1)(a), which prohibits the purchase in the Philippines of personal property "in quantities which exceed reasonably anticipated personal needs". Evidence adduced at trial established that, in a period of less than four months, accused purchased at various exchange facilities eight color television sets, four receivers, three turntables, four cassette decks, and three refrigerators. The Government proceeded on the theory that all of the aforementioned purchases in excess of one of each item were prohibited by the regulation cited. In an extrajudicial statement, properly introduced into evidence, accused admitted that the purpose of these purchases was blackmarketing.

Appellate defense counsel contend that CINCPACREP PHIL/COMUSNAVPHIL INSTRUCTION 4066.10, as it applies *sub judice,* is unconstitutionally vague. We do not agree.

◼ The standard to be applied is clear: no individual can be held criminally responsible for conduct which he or she could not reasonably understand to be prohibited. *United States v. Harriss,* 347 U.S. 612, 74

have the authority to issue general regulations applicable to Air Force personnel stationed at Taiwan.

S.Ct. 808, 98 L.Ed. 989 (1954). This standard is applicable in determining the constitutionality of criminal sanctions contained in regulations as well as statutes. *M. Kraus and Bros. v. United States,* 327 U.S. 614, 66 S.Ct. 705, 90 L.Ed. 894 (1946); *United States v. Baker,* 18 U.S.C.M.A. 504, 40 C.M.R. 216 (1969); *United States v. Perkins,* 50 C.M.R. 377 (A.F.C.M.R.1975). In *Rose v. Locke,* 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975), the United States Supreme Court set forth guidelines for the application of this standard:

> But this prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. . . . All the Due Process Clause requires is that the law give sufficient warning that men may conform their conduct so as to avoid that which is forbidden.

At 49, 50, 96 S.Ct. at 244.

 In considering the sufficiency of this regulation, we are permitted to consider not only the terminology of the challenged passage, but we may examine it in light of the conduct to which it is applied. *United States v. National Dairy Products Corp. et al.,* 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963), reh. den. 372 U.S. 961, 83 S.Ct. 1011, 10 L.Ed.2d 13. It strains the bounds of credulity to suggest that this accused believed that eight television sets, four receivers, three turntables, four cassette decks, and three refrigerators were reasonably necessary for his personal needs. We conclude that the language used in the questioned portion of CINCPACREP PHIL/COMUSNAVPHIL INSTRUCTION

4066.10 provides an adequate warning to all affected military personnel as to what conduct falls under its ban, and marks boundaries sufficiently distinct for courts-martial fairly to administer the law.[2]

The language under attack *sub judice* "conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice." *United States v. Petrillo,* 332 U.S. 1, 7, 67 S.Ct. 1538, 1542, 91 L.Ed. 1877 (1947). The fact that reasonable men might quibble as to whether the purchase of two color television sets exceeds anticipated personal needs is not fatal to the constitutionality of the regulation in question. As stated in *United States v. Petrillo,* supra, at 8, 67 S.Ct. at 1542: "That there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is no sufficient reason to hold the language too ambiguous to define a criminal offense."

The findings of guilty and the sentence are

AFFIRMED.

EARLY, Senior Judge, and FORAY, Judge, concur.

---

**2.** Appellate defense counsel call to our attention the existence of CINCPACREP PHIL/COMUSNAVPHIL INSTRUCTION 4066.7 which · enumerates the authorized amount of most of the items the accused purchased. It requires written approval, which the accused never obtained, to make purchases in excess of these amounts. A statute or regulation will not be declared void for vagueness or uncertainty if its meaning is clarified when considered in connection with its relationship to other statutes or regulations, *Wichelman v. Messner,* 250 Minn. 88, 83 N.W.2d 800 (1957) or by looking to the design and purpose of the legislature or its promulgators. *The Colony, Inc. v. Commissioner of Internal Revenue,* 357 U.S. 28, 78 S.Ct. 1033, 2 L.Ed.2d 1119 (1958). It is inexplicable why the prosecution did not place Instruction 4066.7 before the court. We agree with appellate defense counsel that placing both regulations before the court would have assisted the court in its determination of what constituted "reasonably anticipated personal needs". We differ, however, with the assertion by appellate defense counsel that trial counsel's omission created impermissible vagueness as to the regulation alleged.