UNITED STATES, Appellee,

v.

Specialist Four Thomas R. CANNON, Jr., SSN 151–56–4064, United States Army, Appellant.

SPCM 16546.

U. S. Army Court of Military Review.

30 April 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major Joyce E. Plaut, JAGC, and Captain Kenneth G. Gale, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major John T. Meixell, JAGC, and Captain Richard J. Fadgen, JAGC, were on the pleadings for appellee.

Before CARNE, Senior Judge, and O'DONNELL and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

The appellant was convicted, *inter alia*, of the wrongful possession of "an electrical glass water pipe containing marihuana residue" in violation of a general regulation. The offense was charged as a violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 (1976).

The regulation provided that:

No person subject to this regulation will, except for household use or treatment of disease, possess or have in his or her custody or introduce into the installation any instrument or device that may be used to administer or dispense marijuana, habit forming narcotic drugs, or nervous stimulants or depressants. Such instruments and devices include, but are not limited to, syringes, hypodermic needles, and roach clips.

The appellant contends that the regulation is unconstitutionally vague. We hold that it is neither unconstitutionally vague nor overbroad.

■ Due process requires that a criminal statute provide fair notice to persons of common intelligence what conduct is proscribed and also that innocent or constitutionally protected conduct not be made criminal. *Record Revolution No. 6, Inc. v. City of Parma*, 638 F.2d 916, 927 (6th Cir. 1980), *vacated and remanded*, 451 U.S. 1013, 101 S.Ct. 2998, 69 L.Ed.2d 384 (1981). *See Colautti v. Franklin*, 439 U.S. 379, 390–91, 99 S.Ct. 675, 683, 58 L.Ed.2d 596 (1979); *Broadrick v. Oklahoma*, 413 U.S. 601, 613, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830 (1973); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972); *Lanzetta v. New Jersey*, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888 (1939). Thus, statutes which are vague or overbroad are constitutionally infirm.

■ The regulation in this case can be interpreted to criminalize the possession of otherwise innocent items. However, "a statute which is otherwise vague may be saved by the inclusion of ... a scienter or *mens rea* requirement." *Franza v. Carey*, 518 F.Supp. 324, 334 (S.D.N.Y.1981). *See Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972); *Cf. Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, —— U.S. ——, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982) (statute requiring license to sell items "designed or marketed for use with illegal cannabis or drugs" not unconstitutionally overbroad or vague). A court, in reviewing a statute, may infer the requirement of scienter. We infer such a requirement here: implicit in the regulation is the element that the "instrument or device" be possessed with the intent to administer prohibited drugs. "[W]hen a person actually intends that an item be drug paraphernalia, he has notice of his criminal act and thus the due process notice requirement is satisfied." *Kansas Retail Trade Co-op v. Stephan*, 522 F.Supp. 632, 638 (D.Kan.1981). *See United States v. Sweney*, 48 C.M.R. 476,

478–79 (ACMR), *pet. denied*, 48 C.M.R. 1000 (C.M.A.1974). That such an interpretation is reasonable is evidenced by the household use and medical treatment exceptions contained in the regulation. *See United States v. Tee*, 20 U.S.C.M.A. 406, 43 C.M.R. 246 (1971).

The findings of guilty and the sentence are AFFIRMED.

Senior Judge CARNE and Judge O'DON-NELL concur.