**UNITED· STATES**

v.

**Staff Sergeant Obadiah L. BRADLEY, FR 422–58–6677 United States Air Force.**

**ACM 23735.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 27 Aug. 1982.

Decided 11 March 1983.

**844**

Appellate Counsel for the Accused: Colonel George R. Stevens, Captain Conrad C. Baldwin and Captain Neil S. Richman, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major George D. Cato.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

HODGSON, Chief Judge:

Contrary to his pleas, the accused was convicted of violating a general regulation by possessing drug abuse paraphernalia and wrongfully possessing cocaine and marijuana in violation of Articles 92 and 134, U.C. M.J., 10 U.S.C. §§ 892, 934. He was sentenced to a bad conduct discharge, confinement at hard labor for four months, and reduction to airman first class.

The facts are not in dispute. A search of the accused's room disclosed a package of RIZLA cigarette papers and three tinfoil packets containing marijuana and cocaine hidden under the rug.

The sole issue before the court is whether the regulation that prohibits the possession of drug abuse paraphernalia is unconstitutionally overbroad and vague. The challenged directive is Air Force Regulation 30-2, Social Actions Program, dated 22 June 1981. Paragraph 3–5 of this regulation prohibits the possession of drug abuse paraphernalia, and paragraph 3–3c(12) states the following:

> Drug Abuse Paraphernalia. Any equipment, product or material that is used, *intended to be used,* or designed to be used, in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing analyzing, packaging, repackaging, storing, containing, concealing, or introducing into a human body by injection, *inhalation,* ingestion, or otherwise, a controlled substance in violation of the Controlled Substances Act (Title 21 CFR 1300–1316)). [Emphasis added]

The accused contends that the above paragraph fails to place a reasonable man on notice that possession of cigarette papers is a criminal offense. He argues that the regulation is so loosely written that, for example, a commissary officer would be in violation by selling plastic bags since they are often used to package marijuana. The same would be true of selling aluminum foil because it can be used to package hashish, heroin or cocaine. Thus, in his view the regulation as written is overly broad, vague and subject to arbitrary enforcement.

■ Initially, we observe that the military has a legitimate concern in eliminating drug abuse. *United States v. Trottier,* 9 M.J. 337 (C.M.A.1980). The promulgation of a regulation prohibiting the possession of drug abuse paraphernalia is a valid extension of this concern. *United States v. McClain,* 10 M.J. 271 (C.M.A.1981); *United States v. Cuffee,* 10 M.J. 381 (C.M.A.1981).

■ Before an individual can be held criminally liable for his misconduct it must be established that he had fair notice that the particular behavior in which he engaged was punishable. *United States v. Mabazza,* 3 M.J. 973 (A.F.C.M.R.1977); *United States v. Hoard,* 12 M.J. 563 (A.C.M.R.1981); *United States v. Cannon,* 13 M.J. 777 (A.C.M.R. 1982). We are aware that the regulation here *could* be interpreted to prohibit the possession of otherwise innocent items. However, as Judge Foreman stated in *United States v. Cannon, supra:*

> ["a] statute which is otherwise vague may be saved by the inclusion of . . . a scienter or *mens rea* requirement." *Franza v. Carey,* 518 F.Supp. 324, 334 (S.D.N.Y.1981). See *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972); *Cf. Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S.

489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982) (statute requiring license to sell items "designed or marketed for use with illegal cannabis or drugs" not unconstitutionally overbroad or vague).

The *mens rea* required in the challenged regulation is that the "... product ... is ... intended to be used" in connection with a controlled substance.

■ Under the facts of this case it can be inferred that the accused intended to use the cigarette papers with a controlled substance, i.e. marijuana, thus making the cigarette papers drug abuse paraphernalia. Such an inference is reasonable as evidenced by the fact that the papers and controlled substances were hidden together. Further, since the accused actually intended that the article, i.e. cigarette papers, be drug paraphernalia, he has notice of his criminal conduct and therefore the due process notice requirement is met. *Kansas Retail Trade Co-Op v. Stephan*, 522 F.Supp. 632 (D.Kan.1981); *see United States v. Sweney*, 48 C.M.R. 476 (A.C.M.R.); *pet. denied*, 48 C.M.R. 1000 (C.M.R.1974).

We are satisfied that the challenged Air Force Regulation is sufficiently certain and clear and that it informs persons of common intelligence what conduct renders them liable to prosecution. *United States v. Hoard, supra; accord United States v. Clarke*, 13 M.J. 566 (A.C.M.R.1982); *United States v. Sweney, supra.*\* The findings of guilty and the sentence are

AFFIRMED.

HEMINGWAY, Senior Judge, and MILLER, Judge, concur.

---

\* We reiterate our concern stated in *United States v. Austin*, 13 M.J. 759 (A.F.C.M.R.1982), that restraint must be exercised in determining

the *objects and circumstances* which warrant charges involving drug abuse paraphernalia.