DECISION
CANELLOS, Judge:
Before a special court-martial with members, the accused was convicted, contrary to his pleas, of violating a lawful general regulation [Air Force Regulation 30-17, Safeguarding Controlled Items (Test Material) Information],[1] by possessing, without authority, a Specialty Knowledge Test (S.K.T.). The approved sentence extends to a bad conduct discharge and reduction to airman basic.
On appeal, the accused assigns nine errors for our consideration; we will discuss only one. That is the military judge failed to instruct sua sponte on the defense of mistake of fact.
Before we can intelligently discuss the assigned error, a review of the facts is all-important. The accused was an aircraft maintenance technician. In early 1982, he was studying to take the S.K.T. for possible advancement in grade. At the same time, Sgt Brown, a co-worker who was also studying for the same reason, had surreptitiously secured a copy of a previous S.K.T. that he knew, through experience, would contain most of the questions in the test that he and the accused were about to be administered. Sgt Brown’s wife typed the questions and answers on plain bond paper and then Sgt Brown reproduced five copies of the resultant paper.
At trial, Sgt Brown testified that he was at the NCO Club one night when he encountered the accused. They began to talk about the upcoming test, and he then gave the accused a copy of the test questions. There were no markings on the questions to label them as controlled test questions; however, Sgt Brown testified that the accused surely knew that they were such because of the format of the questions. The accused, on the contrary, testified that he saw Sgt Brown at the NCO Club at about that time and he probably discussed studying for the examination with him; however, he did not remember seeing or receiving any papers from Sgt Brown, and, if he did, he certainly did not realize that they were controlled test questions. He further testified that he was well aware of the regulation which restricted the possession of test material, and he surely would have taken notice if he had been shown such material by Sgt Brown. The accused explained that he did well on the test cycle because he had taken two weeks leave and studied very diligently. Finally, a Government expert testified that the accused’s test score had increased dramatically over previous takings of the test and it was most improbable that the accused could have increased his scores to the degree that he did merely by studying.
The military judge instructed the court members, in pertinent part, that in order to convict the accused they had to find that: (1) there was in existence the regulation as alleged; (2) the accused had a duty to obey the regulation, and (3) the accused violated the regulation by possessing without authority the contents of a Specialty Knowledge Test. The defense counsel did not request and the military judge did not give any additional instructions regarding the accused’s knowledge or intent.
We find that based on the military judge’s instructions, the court members could have convicted the accused even though they believed that he did not know that the material that Sgt Brown had given him was restricted test material, and, as a result, his conviction can not stand.
*359 Of course, it is the military judge who is responsible for assuring that the court members are properly instructed on the elements of the offense as well as all potential defenses which are raised by the evidence. United States v. Graves, 1 M.J. 50 (C.M.A. 1975); United States v. Stewart, 20 U.S.C.M.A. 300, 43 C.M.R. 140 (1971). Further, the military judge should instruct on the defense theory of the case. United States v. Verdi, 5 M.J. 330 (C.M.A. 1978). The question of whether the evidence which raises the potential defense is reasonable is generally not relevant to the military judge’s determination of whether to instruct; that question is left for the triers of fact under proper instructions. United States v. Thomas, 20 U.S.C.M.A. 249, 43 C.M.R. 89 (1971). Where the sufficiency of an instruction is questioned on appeal, it is the duty of an appellate court to review the evidence and determine if the testimony at trial raised the issue necessitating an instruction. United States v. Graves, supra.
Here the military judge’s instructions did not touch upon whether the accused’s testimony regarding his lack of knowledge of the nature of the papers that Sgt. Brown may have shown him was material to the issue before the court. Assuming, without deciding, that it is permissible to infer a scienter or mens rea requirement in the regulation,[2] we find that that issue was squarely raised by the evidence and required an instruction from the military judge, sua sponte. This instruction is required regardless of whether knowledge is an element of the offense or whether lack of knowledge is an issue which must be raised as an affirmative defense. United States v. Hughes, 5 U.S.C.M.A. 374, 17 C.M.R. 374 (1954).
The military judge’s failure to give such an instruction constitutes error. Since it is possible that the court might have convicted the accused despite their belief that the accused was truthful in denying knowing possession of test material, prejudice is apparent. United States v. Meador, 18 U.S. C.M.A. 91, 39 C.M.R. 91 (1969).
Accordingly, the findings of guilty and the sentence are set aside. A rehearing may be ordered.
RAICHLE, Senior Judge, concurs.
CARPARELLI, Judge, absent.

. AFR 30-17, para. 16
... Air Force members (active or reserve) and civilians under Air Force authority will not possess, reproduce, distribute, or communicate in any way the contents of controlled items (test material) unless specifically authorized to do so under this regulation____

. We observe that the regulation, as written, could be interpreted to reach innocent conduct. This raises the issue of whether the regulation is constitutionally overbroad, and therefore unenforceable. It has been held that a regulation which is facially overbroad may be salvaged by the inclusion of a scienter or mens rea requirement. United States v. Bradley, 15 M.J. 843 (A.F.C.M.R.1983), pet. denied, 17 M.J. 89 (1983); United States v. Cannon, 13 M.J. 777 (A.C.M.R. 1982).