UNITED STATES, Appellee,

v.

Sergeant Michael R. BARNES,
457–04–9082, United States
Army, Appellant.

CM 448555.

U.S. Army Court of Military Review.

26 March 1987.

For Appellant: Major Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain James J. McGroary, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Lieutenant Colonel Larry D. Williams, JAGC, Captain Carlton L. Jackson, JAGC (on brief).

Before DeFORD, WILLIAMS, and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

WILLIAMS, Judge:

Appellant, after mixed pleas, was convicted by military judge sitting as a general court-martial, *inter alia*, of violating a lawful general regulation by wrongfully operating a motor vehicle when his operator's license was revoked in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 (1982). Concerning this offense, the parties stipulated to the following facts at trial:

> On 17 November 1985, the Accused was found by the German Polizei behind the wheel of a parked car with the engine running. The car had been driven to where it was parked in Neustadt-Aisch by another person. The Accused subsequently started the car and turned on the heater to warm the car for his girlfriend who was in the back seat, but he did not drive the car or attempt to move it. The polizei subsequently detected an odor of alcohol on the Accused's breath and took him to the local hospital for a blood alcohol test. The results of that test showed that the Accused had a blood alcohol content of 1.61mg of alcohol per ml of whole blood.

> The accused did not have a valid driver's license when he was detained by the police on 17 November 1985 because his USAREUR POV operator's license had been properly revoked the previous July. On 17 November 1985, USAREUR Regulation 632–10 (dated 5 November 1981), a

lawful general regulation, was in effect. Paragraph 7(b) of the regulation states that "Personnel will not operate or permit any other person to operate any motor vehicle when their POV operator's license is suspended or revoked". 'Operation' is defined in paragraph 4e of the regulation as follows: "Setting a vehicle in motion through its own power or gravity, or by an individual's being in the driver's seat with the engine running."

At trial, defense counsel moved to dismiss the specification alleging violation of a regulation on the basis that USAREUR Reg. 632–10, para. 7(b), was not intended to prohibit appellant's conduct under the facts of this case. The military judge denied the motion.

On appeal, appellant renews his assertion that the regulation is overbroad. He argues that, by stipulation of the parties, his only intent while behind the wheel of the car with the engine running was to run the heater. Under these facts, appellant argues he clearly did not represent a threat to society; and his actions were innocent ones not reasonably intended to be covered by the provisions of USAREUR Reg. 632–10. He further argues the prohibition against individuals with revoked licenses sitting in the driver's seat of a vehicle with the engine running is overbroad, and "[i]t is only when it can be reasonably inferred that someone is doing so with the intent to move the vehicle or has moved the vehicle that the regulation acquires the requisite degree of specificity so as the (sic) exclude innocent behavior." He contends, in other words, an intent to move the vehicle is an element of the offense of operating a motor vehicle with a revoked license in violation of the regulation. *Cf. United States v. Cannon*, 13 M.J. 777 (A.C.M.R.), *petition denied*, 14 M.J. 226 (C.M.A.1982).

The government responds that this precise issue apparently has not been addressed by any military, federal, or state court. Various state courts, however, in the context of cases involving operating a motor vehicle while intoxicated, have addressed a similar issue. Many state legis-latures, in laws designed to prohibit a person from driving a motor vehicle while intoxicated, have deemed it criminal to "drive, operate or *be in physical control of any motor vehicle*" while "under the influence of alcohol." *See State, Dept. of Public Safety v. Juncewski*, 308 N.W.2d 316, 319 (Minn.1981). The degree of "physical control" required to satisfy one of the elements of the offense has been liberally interpreted and satisfied when the person is: seated behind and leaning against the steering wheel, *Id.* at 318; seated in driver's seat of parked car with hands on the steering wheel, keys in the ignition, but engine not running, *City of Cincinnati v. Kelley*, 47 Ohio St.2d 94, 351 N.E.2d 85 (1976); seated behind wheel with key in ignition, *Hughes v. State*, 535 P.2d 1023 (Okla.Crim.App.1975); *See generally* Annotation, *What Constitutes Driving, Operating, or Being in Control of Motor Vehicle for Purposes of Driving While Intoxicated Statute or Ordinance*, 93 A.L.R.3d 7 (1979). The policy behind these broad interpretations is clear. The statutes are designed to deter individuals who are intoxicated from getting into vehicles except as passengers. *State v. Juncewski*, 308 N.W.2d at 320. The statutory scheme is a preventive measure designed to deter unsafe drivers from taking the first step, that is, sitting behind the wheel of an instrument which, in their hands, can cause great injury and death.

Like an intoxicated person, a person whose driver's license has been revoked is a threat to society while he sits behind the wheel of a vehicle with its engine running, because that person is capable of immediately and illegally putting the vehicle in motion. In appellant's case, the potential importance of the regulatory prohibition to the community's safety is abundantly clear. The incident which caused his license revocation was also the subject of two other specifications of which he was found guilty at trial—one of operating a vehicle and causing personal injury while drunk, and one of involuntary manslaughter. Both offenses resulted from an incident in which he drove his car off the road while drunk,

injuring himself and two passengers and killing a third passenger.

 Appellant violated a lawful general regulation which he had a duty to obey. The regulation clearly and unambiguously defined the prohibited conduct without mentioning intent.[1] Because all the elements of the offense were met, appellant was properly convicted. We find his intent concerning the prohibited conduct irrelevant. *Cf. Joiner v. State*, 161 Tex.Cr.R. 526, 279 S.W.2d 333, 334 (1955).

We have considered the issues personally asserted by the appellant and find they are without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge DeFORD and Judge KENNETT concur.

---

1. Although not cited by either party, we are aware of a recent case holding that due process, in that case, required some degree of scienter. *United States v. Wulff*, 758 F.2d 1121 (6th Cir. 1985). We believe the unique need for discipline in the military, however, permits Article 92, UCMJ, to be construed to not require scienter. *Cf. Schlesinger v. Councilman*, 420 U.S. 738, 757, 95 S.Ct. 1300, 1312, 43 L.Ed.2d 591 (1975) (laws and traditions governing discipline in the military have a long history and are founded in unique military exigencies); *see also Burns v. Wilson*, 346 U.S. 137, 140, 73 S.Ct. 1045, 1047, 97 L.Ed. 1508 (1953), *Parker v. Levy*, 417 U.S. 733, 744, 94 S.Ct. 2547, 2556, 41 L.Ed.2d 439 (1974), and *Schlesinger v. Councilman*, 420 U.S. at 746, 95 S.Ct. at 1307 ("Military law ... is a jurisprudence which exists separate and apart from law which governs in our federal judicial establishment.")