UNITED STATES

v.

**Sergeant Thomas S. LUMAGUI, FR 556–35–5467, United States Air Force.**

**ACM S28241.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 4 Aug. 1989.

Decided 3 Oct. 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major George P. Clark.

Appellate Counsel for the United States: Colonel Robert E. Giovagnoni; Major Brenda J. Hollis; Captain Leonard R. Rippey and Captain David G. Nix.

Before LEONARD, RIVES and McLAUTHLIN, Appellate Military Judges.

## DECISION

RIVES, Judge:

In accordance with his pleas, Sergeant Lumagui was convicted by a special court-martial of one specification of violating a lawful general regulation. Article 92, UCMJ, 10 U.S.C. § 892. The convening authority approved the sentence adjudged by officer and enlisted court members: a bad conduct discharge, confinement for three months, a fine of $2,000 and reduction to the lowest enlisted grade. On appeal, Lumagui contends that his conviction cannot stand because the charged portion of the regulation is fatally overbroad. We disagree and affirm his conviction.

### I

We first address the issue of waiver. Lumagui entered an unconditional guilty plea to the charge. The government urges that he thereby abandoned his right to attack the regulation on appeal. We hold that this issue may be raised for the first time on appeal.

Reviewing a case in which the appellant had pleaded not guilty, the Court of Military Appeals recently noted that this type of issue challenges "the very power of the Government to hale [the appellant] before a

court-martial." *United States v. Hilton,* 27 M.J. 323, 326 (C.M.A.1989). This Court has also held that a constitutional issue is not waived in a case in which the appellant, as here, has entered an unconditional guilty plea at trial. *United States v. Jones,* 30 M.J. 728 (A.F.C.M.R.1990).

Under these precedents, an individual cannot be properly convicted of a crime when the underlying basis for the conviction is an unconstitutional statute or regulation. In our analysis, such a specification fails to state an offense, a defect that is never waived. R.C.M. 907(b)(1)(B); *accord,* Mil.R.Evid. 103(a).

II

■ Lumagui pleaded guilty to a violation of USCINCPACREPPHILINST 4066.-7R, paragraph 3f, enclosure 6, dated 4 April 1986, *General Merchandise Control Regulations in the Republic of the Philippines,*\* which prohibits, among other things, the acquisition of a tax-exempt motor vehicle in the Philippines in order to sell, exchange, barter or otherwise dispose of it to any other person. Obtaining such a vehicle "for any purpose other than to meet reasonable anticipated needs of the owner" violates the regulation. The issue is whether this *malum prohibition* regulation strikes too broadly.

Lumagui argues that the regulation is overbroad in proscribing "the purchase of a tax-exempt vehicle by a qualified person primarily for resale to another qualified person." He notes that the "prohibition in this case prevents [military] members from taking advantage of profit making opportunities that are legal in the United States." However, as the Court of Military Appeals recognized in *United States v. Wheeler,* 12 U.S.C.M.A. 387, 30 C.M.R. 387, 389–390 (1961): "[a]ctivities of American military personnel in foreign countries may have different consequences from the same activities performed in the United States. [Citations omitted.] What may be relatively unimportant in an American environ-

ment can be tremendously significant in a foreign background."

Clearly, appropriate authorities can place limits on the use of customs-free privileges by military personnel overseas. *See, e.g., United States v. Blanchard,* 19 M.J. 196 (C.M.A.1985); *United States v. Martin,* 1 U.S.C.M.A. 674, 676, 5 C.M.R. 102, 104 (1952); *United States v. Lehman,* 5 M.J. 740 (A.F.C.M.R.1978), *pet. denied,* 6 M.J. 164 (C.M.A.1979).

Lumagui accepts the fact that the regulation here is designed to control blackmarketing. He agrees that blackmarketing of motor vehicles is widespread in the Philippines, and he notes that "the need for effective control [is] clear." He was aware of U.S.–Philippine customs requirements, and he knew that his conduct was wrong. The appellant thus was on notice that the particular conduct in which he engaged was punishable. *See United States v. Barnes,* 24 M.J. 534 (A.C.M.R.1987); *United States v. Hoard,* 12 M.J. 563 (A.C.M.R. 1981); *United States v. Sweney,* 48 C.M.R. 476 (A.C.M.R.1974).

The regulation here was drafted to protect against the very misconduct committed by Lumagui (i.e., blackmarketing motor vehicles). The record is clear that the appellant was well aware of limitations placed on his acquisition and disposition of motor vehicles while in the Philippines. We are satisfied that the regulatory provision underlying the charge is constitutional. It validly expresses the legitimate military interest in regulating the conduct of personnel overseas so as to conform with customs commitments. *Cf. United States v. Bradley,* 15 M.J. 843 (A.F.C.M.R.), *pet. denied,* 17 M.J. 89 (C.M.A.1983); *United States v. Cannon,* 13 M.J. 777 (A.C.M.R.), *pet. denied,* 14 M.J. 226 (C.M.A.1982).

III

■ In his second assigned error, the appellant complains that his sentence is inappropriate. Having carefully evaluated the entire record of trial, we are satisfied that the punishment imposed is appropriate

---

\* In two recent decisions, this Court upheld the constitutionality of this same regulation, albeit against an attack on its "show and tell" provi-

sion. *United States v. Jones,* 30 M.J. 728 (A.F.C. M.R.1990); *United States v. Hilton,* 29 M.J. 1036 (A.F.C.M.R.1990).

for this appellant and the offense he committed. *United States v. Healy*, 26 M.J. 394 (C.M.A.1988).

## IV

During our initial review of this case, we discovered that it was not clear from the record whether the convening authority had reviewed the clemency matters submitted by the appellant before he took action. *See United States v. Craig*, 28 M.J. 321 (C.M.A.1989). We ordered the government to show cause why the action of the convening authority was not premature.

The government has now provided us with an affidavit from the convening authority's staff judge advocate that makes it clear that the convening authority reviewed all the matters submitted by the appellant prior to taking his action. We are satisfied that the convening authority's action was timely and proper. Article 60(c)(2), UCMJ, 10 U.S.C. § 860(c)(2); R.C.M. 1107(b)(3)(A)(iii). We remind practitioners of our guidance in this area contained in *United States v. Foy*, 30 M.J. 664 (A.F.C. M.R.1990).

The finding of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge LEONARD and Judge McLAUTHLIN concur.