**Christopher Vance REED, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–95–0315–CR.**

Court of Appeals of Texas,
Amarillo.

Jan. 12, 1996.

Discretionary Review Refused May 8, 1996.

Gene Storrs, Amarillo, for appellant.

Richard Martindale, Assistant Potter County Attorney, Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

DODSON, Justice.

Upon a plea of nolo contendere pursuant to an honored plea bargain, appellant Christopher Vance Reed was convicted of driving while intoxicated. The court assessed his punishment at a $300 fine and ninety days confinement in the Potter County Jail. However, imposition of the jail sentence was suspended in favor of probation for one year. In a single point of error, appellant contends the trial court erred in overruling his motion

to quash or set aside the misdemeanor information. We affirm.

The Legislature recently repealed the driving while intoxicated statute, which had been a part of the revised civil statutes, and codified the provisions in section 49.04 of the Code.[1] Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3697 (now codified in Tex.Penal Code Ann. § 49.04 (Vernon 1994)). Section 49.04 of the Code, provides that "[a] person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place." The codified provision, effective September 1, 1994, does not provide for a culpable mental state, *id.*, and neither did the predecessor civil statute. Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex.Gen.Laws 1568, 1574 [Tex.Rev.Civ.Stat. Ann. art. 6701*l*–1(b) (repealed 1994) ].

Section 6.02(b) of the Code provides that "[i]f the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element." Subsequently, the Texas Legislature enacted section 49.11 of the Code, effective September 1, 1995, which provides that "[n]otwithstanding Section 6.02(b), proof of a culpable mental state is not required for conviction of an offense under this chapter." Tex.Penal Code Ann. § 49.11 (Vernon Supp.1996); Act of June 7, 1995, 74th Leg., ch. 318, § 22, 1995 Tex.Sess.Law Serv. (Vernon) 2734, 2743.

■ In his point of error, appellant reasons that since the driving while intoxicated offense was codified effective September 1, 1994, without plainly dispensing with a mental state as required by section 6.02(b) of the Code, a culpable mental state was an essential element of the offense until section 49.11 of the Code became effective on September 1, 1995. We disagree.

■ A culpable mental state need not be alleged or proved in a driving while intoxicated charging instrument. *Honeycutt v. State,* 627 S.W.2d 417, 424 n. 4 (Tex.Cr.App.1981);

*Joiner v. State,* 161 Tex.Crim. 526, 279 S.W.2d 333, 334 (1955). Neither is a culpable mental state required for speeding, *Zulauf v. State,* 591 S.W.2d 869, 872 (Tex.Cr.App.1979), or many other traffic offenses. *Honeycutt v. State,* 627 S.W.2d at 424 n. 4.

We will review the analogous case of *Ex parte Ross,* 522 S.W.2d 214 (Tex.Cr.App. 1975). There, the petitioner argued that when the driving while intoxicated statute was transferred from the Code to the civil statutes, section 1.03(b) of the Code stated that Titles 1, 2, and 3 applied to offenses defined by other laws. Section 6.02 of the Code was under the specified titles and section 6.02(b) required proof of a culpable mental state unless the statute plainly dispensed with any mental element. Hence, appellant reasoned that since the new civil statute defining the offense of driving while intoxicated failed to specifically exclude a culpable mental state, the new civil statute required proof of a culpable mental element. However, the Court reasoned:

The issue which must be resolved is whether the Legislature through enactment of Sections 6.02 and 1.03(b) of the new Texas Penal Code intended to require proof of a culpable mental state in the offense of driving while intoxicated. First of all, if such was their intention, it seems strange that they would implement the same in the awkward manner the petitioner suggests. It would have been much easier to merely include the requirement of proof of a culpable mental state by amending the statute when it was transferred from Article 802, Vernon's Ann. P.C., to Article 6701*l*–1, Vernon's Ann.C.S.

*Id.* at 218. Hence, the Court determined that the "Legislature by enacting Sections 1.03(b) and 6.02 [of the Code] did not intend to require proof of a culpable mental state" for the offense of driving while intoxicated. *Id.* at 219; *see also Owen v. State,* 525 S.W.2d 164 (Tex.Cr.App.1975).

Here, the information, which did not contain a culpable mental state, alleged that appellant committed the offense on or about

---

**1.** All references to sections of the Code are to the Texas Penal Code Annotated (Vernon 1994 & Supp.1996).

April 4, 1995. Hence, the offense was committed after the codification of the driving while intoxicated offense, but before section 49.11 was added to the Code. Nevertheless, we find the referenced cases authoritative and determine that the addition and codification of the driving while intoxicated offense to the Code did not add a culpable mental state as an essential element of the driving while intoxicated offense. Consequently, point of error one is overruled.

Accordingly, the judgment is affirmed.