Pedro Cardenaz AGUIRRE, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–95–01188–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 29, 1996.

William C. Meyer, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before LEE, HUDSON and EDELMAN, JJ.

## OPINION

HUDSON, Justice.

Appellant, Pedro Cardenaz Aguirre, was charged with the offense of driving while intoxicated. Prior to trial, appellant filed a motion to quash the information claiming it failed to allege a culpable mental state. After his motion was overruled, appellant entered a plea of guilty, but reserved his right to appeal the denial of the motion to quash. The trial court assessed appellant's punishment at imprisonment in the Institutional Division of the Texas Department of Criminal Justice for two years. We affirm.

■ In his sole point of error, appellant contends the trial court erred in refusing to quash the indictment because it failed to allege a culpable mental state. Appellant argues that when the DWI statute was moved from the Revised Civil Statutes[1] to its current location in the Penal Code,[2] the legislature intended to impose the requirement of a culpable mental state. Appellant relies on section 6.02(b) of the Penal Code, which provides, "[i]f the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element." TEX. PENAL CODE ANN. § 6.02(b) (Vernon 1994). Because the offense of driving while intoxicated was incorporated into the Penal Code without plainly dispensing with a mental element, appellant contends a culpable mental state became an essential element of the offense.[3]

■ It has never been necessary to plead or prove scienter in a prosecution for driving while intoxicated.[4] By its nature, intoxi-

1. Tex.Rev.Civ. Stat. Ann. art. 6701l–1 (Vernon Supp.1993) (repealed 1994).

2. Tex. Penal Code Ann. § 49.04 (Vernon 1994).

3. The Texas Legislature has since amended the statute by specifically adding a provision which states that a culpable mental state is not required for the offense of driving while intoxicated. Tex. Penal Code Ann. § 49.11 (Vernon Supp.1996). This provision, however, was not in effect at the time of the offense for which appellant was convicted.

4. See Tex. Penal Code Ann. § 49.04 (Vernon 1994); Tex.Rev.Civ. Stat. Ann. art. 6701l–1 (repealed 1994); Tex. Penal Code Ann. art. 802 (1925) (transferred to Art. 6701l–1 in 1973); Acts 1923, 38th Leg., 2nd C.S., 1923 Tex. Gen. Laws 56; Acts 1917, 35th Leg., R.S., ch. 207, § 13, 1917 Tex. Gen. Laws 477; Owen v. State, 525 S.W.2d 164 (Tex.Crim.App.1975).

cation impairs a person's judgment. As cognitive skills are eroded by the effects of alcohol, a person may become incapable of recognizing the impairment of his own mental and physical faculties. After consuming alcohol, many drivers assert that their ability to operate a motor vehicle is actually improved when they reach a condition which to sober witnesses amounts to intoxication. *Joiner v. State*, 161 Tex.Crim. 526, 279 S.W.2d 333, 334 (1955). If the offense of driving while intoxicated carried with it the burden of establishing a culpable mental state, the most inebriated and dangerous drivers would escape conviction by virtue of their diminished capacity to formulate a criminal intent. Because *mens rea* is inversely proportional to the degree of a defendant's mental impairment, and it would be oxymoronic to require the State to show that a defendant possessed a criminal intent *and,* by virtue of his intoxication, had also lost the use of his mental faculties. It has long been the law that a defendant may be convicted of DWI though he may in good faith believe that he is competent to drive and entirely sober. *Id.*, 279 S.W.2d at 334.

In 1917, the legislature first criminalized the act of driving while intoxicated, and from its inception the offense has been defined without a culpable mental state.[5] In 1974, however, the legislature enacted a new penal code that required a culpable mental state for every criminal offense unless the definition plainly dispensed with any mental element. TEX. PENAL CODE ANN. § 6.02(b) (Vernon 1994). Section 1.03(b) of the Penal Code imposed this requirement on criminal offenses that were, like DWI, defined outside the Penal Code.[6]

Thus, in *Ex parte Ross*, 522 S.W.2d 214 (Tex.Crim.App.), *cert. denied*, 423 U.S. 1018, 96 S.Ct. 454, 46 L.Ed.2d 390 (1975), the defendant argued that the legislature intended to add a culpable mental state to the offense of driving while intoxicated when it adopted Sections 1.03(b) and 6.02(b) of the

new Penal Code. The court of criminal appeals rejected Ross's contention. Because voluntary intoxication is expressly rejected as a defense to prosecution under the Penal Code,[7] the court found it inconceivable that the legislature intended "to require proof of the culpable mental state of a person charged with an offense where one of the essential elements is voluntary intoxication," *Ross,* 522 S.W.2d at 218. The court therefore held that by enacting Sections 1.03(b) and 6.02(b) of the new Penal Code, "the Legislature ... did not intend to require proof of a culpable mental state in [DWI] prosecutions under Article 6701*l*–1." *Id.* at 219.

Although the legislature has recently transferred the DWI statute from Article 6701*l*–1 of the Revised Civil Statutes to Section 49.04 of the Penal Code, that transfer does not diminish the applicability of *Ross.* Section 1.03(b) has *always* made the provisions of Section 6.02(b) applicable to non-Penal Code offenses. Thus, if the mental element required by Section 6.02(b) did not apply to DWI when the offense was defined outside the Penal Code, there is no reason to presume that the element has now attached by reason of the statutes' inclusion in the Penal Code. Relying upon *Ross,* two other courts have also considered and rejected the contention raised by appellant. *See Reed v. State*, 916 S.W.2d 591 (Tex.App.—Amarillo 1996, pet. ref'd); *Chunn v. State*, 923 S.W.2d 728 (Tex.App.—Houston [1st Dist.] 1996 n.w.h.).

■ The object of the DWI statute is to prevent men, women, and children from being maimed or killed by intoxicated drivers. *Johnson v. State*, 141 Tex.Crim. 175, 147 S.W.2d 811, 814 (1941). We do not believe the legislature intended to subvert this purpose by engrafting a culpable mental state onto the statute when it was transferred to Section 49.04 of the Penal Code. Accordingly, appellant's sole point of error is overruled,

---

**5.** "No intoxicated person shall operate or drive a motor or any other vehicle upon a public highway in this State." Acts 1917, 35th Leg., R.S., ch. 207, § 13, 1917 Tex. Gen. Laws 477.

**6.** "The provisions of Titles 1, 2, and 3 apply to offenses defined by other laws, unless the statute defining the offense provides otherwise...." TEX. PENAL CODE ANN. § 1.03(b) (Vernon 1994).

**7.** TEX. PENAL CODE ANN. § 8.04(a) (Vernon 1994).

and the judgment of the trial court is affirmed.