TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00184-CR

James Baugh, Appellant

v.

The State of Texas, Appellee

FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY

NO. 44,316, HONORABLE HOWARD S. WARNER, II, JUDGE PRESIDING

PER CURIAM

 After his motion to quash the information was overruled, appellant pleaded no contest to
driving while intoxicated. See Tex. Penal Code Ann. § 49.04(a) (West Supp. 1996). (1) The court assessed
punishment at incarceration for 180 days and a $500 fine, but suspended imposition of sentence and placed
appellant on community supervision.

 Appellant's sole point of error is that the court erred by overruling the motion to quash. 
He asserts that the information was defective because it did not allege a culpable mental state. He contends
that a culpable mental state was required under the terms of Penal Code section 6.02(b) because section
49.04 does not plainly dispense with a mental element. Tex. Penal Code Ann. § 6.02(b) (West 1994). 
Appellant points out that the alleged offense occurred before the effective date of Penal Code section
49.11, which exempts intoxication offenses from the terms of section 6.02(b). Tex. Penal Code Ann. §
49.11 (West Supp. 1996).

 In a case arising under the statutory predecessor to section 49.04, it was held that the
legislature did not intend to require proof of a culpable mental state in a prosecution for driving while
intoxicated despite the enactment of section 6.02(b). Ex parte Ross, 522 S.W.2d 214, 218 (Tex. Crim.
App. 1975). The holding in Ross is dispositive of appellant's contention. Two other courts of appeals have
recently followed Ross in cases arising under section 49.04. Chunn v. State, 923 S.W.2d 728, 729 (Tex.
App.--Houston [1st Dist.] 1996, pet. filed); Reed v. State, 916 S.W.2d 591, 592 (Tex. App.--Amarillo
1996, pet. ref'd). Appellant assails the reasoning of Ross but, like our sister courts, we are not free to
disregard an opinion of the Court of Criminal Appeals that is squarely on point. The point of error is
overruled.

 The judgment of conviction is affirmed.

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: September 11, 1996

Do Not Publish
1. The amendment to this statute effective September 1, 1995, is irrelevant to this appeal.